<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ADP, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>JUDY O'BRIEN,<br><br>*Defendant.* | Civil Action No. 26-3976<br><br>**OPINION and ORDER**<br><br>June 17, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiff ADP, Inc.'s ("Plaintiff" or "ADP") Motion for Preliminary Injunction (ECF 5, "Motion" or "Mot.") against Defendant Judy O'Brien ("Defendant" or "O'Brien"). The Court has decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**WHEREAS** on April 15, 2026, ADP initiated this action by filing the Complaint. (ECF 1, "Complaint" or "Compl.") Plaintiff alleges that O'Brien breached her contractual obligations to ADP under a Sales Representative Agreement and multiple Restrictive Covenant Agreements (collectively, "Agreements") by accepting employment with and working for SIDECAR HR ("Sidecar"), an alleged competitor, shortly after her departure from ADP. (*See generally id.*); and

**WHEREAS** the Complaint seeks relief under three causes of action: Count I for breach of contract, (*id.* ¶¶ 53-61); Count II for breach of the duty of loyalty, (*id.* ¶¶ 62-68); and Count III for unfair competition, (*id.* ¶¶ 69-76). Plaintiff asks this Court to enjoin Defendant from:

1

(i) Working for or performing similar services for any competitor of ADP, including, without limitation, Sidecar, anywhere in the collective Territory[1] for twelve (12) months from the date of any Order granting ADP injunctive relief;

(ii) Violating the terms and conditions of the Agreements with ADP;

(iii) Using or disclosing, at any time, ADP's confidential, proprietary, or trade secret business information or property;

(iv) Interfering in any way with any contract, client relationship, prospective client relationship, or marketing partner relationship of ADP;

(v) Directly or indirectly soliciting, contacting, calling upon, communicating with, or attempting to communicate with any Person who was a client, bona fide prospective client, or marketing partner of ADP with which O'Brien was involved or to which she was exposed during her employment; and

(vi) Breaching any loyalty obligation to ADP including, but not limited to, appropriating any business opportunity of ADP, engaging in deceptive acts or statements regarding ADP's abilities, experiences, or personnel, or otherwise attempting to gain an unfair advantage over ADP.

(*Id*. at 24-25.)  ADP also asks this Court to order O'Brien to "return all ADP confidential information and property . . . in any form, electronic or hard copy" and grant monetary damages.  (*Id*. at 25-26); and

**WHEREAS** on April 22, 2026, Plaintiff filed the instant Motion seeking a preliminary injunction.  (*See generally* Mot.)  On May 29, 2026, Defendant filed her brief in opposition to the Motion.  (ECF 15, "Opposition" or "Opp.")  On June 10, 2026, Plaintiff filed a reply.  (ECF 18, "Reply"); and

**WHEREAS** injunctive relief is an "extraordinary remedy and should be granted only in limited circumstances."  *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).  The Court may grant an injunction only if a party shows: "(1) a likelihood of success on the merits; (2)

---

[1] "The Territory" refers to Alamance, Beaufort, Carteret, Craven, Currituck, Dare, Durham, Edgecombe, Forsyth, Greene, Guilford, Hyde, Johnston, Jones, Lee, Lenoir, Martin, Mecklenburg, Nash, New Hanover, Onslow, Pitt, Sampson, Wake, Washington, Wayne, and Wilson.

2

that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318-19 (3d Cir. 2015). A party must produce sufficient evidence of all four factors, and the Court must weigh them prior to granting injunctive relief. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). However, "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Riley v. Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); and

**WHEREAS** upon reviewing the parties' submissions on the Motion, the Court finds that Plaintiff has failed to establish a likelihood of success on the merits. To establish a likelihood of success on the merits, a plaintiff must make a showing of "reasonable probability" of success on the merits. *Beilowitz v. Gen. Motors Corp.*, 233 F. Supp. 2d 631, 639 (D.N.J. 2002). Plaintiff failed to show a "reasonable probability" that Defendant breached the Agreements because Plaintiff has not shown that the Agreements are enforceable. Whether such covenants are given effect rests on whether the Agreements are "reasonable." *Solari Indus., Inc. v. Malady*, 55 N.J. 571, 576 (1970). For a covenant to be reasonable, employers must show that the restrictions are (1) necessary to protect the company's legitimate interests; (2) does not cause undue hardship on the former employee; and (3) is not against the public interest. *Id*. at 585. Furthermore, "where

3

the employer causes the parties to separate, 'enforcement of a covenant may cause hardship on the employee which may fairly be characterized as 'undue' in that the employee has not, by his conduct, contributed to it.'" *The Cmty. Hosp. Grp., Inc. v. More*, 183 N.J. 36, 59 (2005) (quoting *Karlin v. Weinberg*, 77 N.J. 408, 423 (1978)).  Here, Plaintiff alleges that Defendant submitted a voluntary resignation in December 2025, noting her intent to "retire." (Reply at 11.)  Defendant argues that the termination of her employment with ADP was not entirely voluntary, citing an April 2025 meeting with ADP administrators in which she was told that her direct supervisor "no longer wanted her on his team going forward in the upcoming fiscal year," and that "[ADP] might find a different position for her within ADP, or perhaps a severance package could be arranged." (Opp. at 3.)  Defendant also notes "arbitrarily steadily increasing unrealistic quotas" and a "perception that she, a 55-year-old gay woman, was being treated differently than her peers." (*Id.* at 3-4.)  Given Plaintiff's alleged role in causing the parties to separate, which Plaintiff conveniently frames as a voluntary resignation, Plaintiff has not established with reasonable probability that enforcement of the Agreements would not cause undue hardship on Defendant. (*See* Mot. at 22; Reply at 8.)  Accordingly, Plaintiff has not established the reasonability of the Agreements under the *Solari* framework and therefore has failed to establish a likelihood of success on the merits.  *See Solari*, 55 N.J. at 585; and

**WHEREAS** even if Plaintiff established a likelihood of success on the merits, Plaintiff has failed to establish irreparable harm.  "[T]o show irreparable harm[,] a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  Economic loss does not constitute irreparable harm." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994).  Furthermore, "'[e]stablishing a risk of irreparable harm is not enough.' [Rather, a] 'clear showing of immediate irreparable injury' is required." *Naccarati v. Wilkins*

*Twp.*, 846 F. Supp. 405, 408 (W.D. Pa. 1993) (quoting *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).  It is not clear what, if any, irreparable harms ADP would face absent injunctive relief.  Plaintiff claims that it "stands to lose clients and prospective clients, employees, and business partners, as well as goodwill and referral business and revenues in an amount that cannot be readily ascertained," and that such losses are "so indefinite and speculative as to be incapable of exact proof."  (ECF 5-1, "Pl. Br." at 28-29.)  However, Defendant no longer has access to ADP client lists and her general sales knowledge is not confidential.  (ECF 15-1, ¶¶ 6-7.)  And Plaintiff fails to show how a company that chose to do business with Sidecar after previously rejecting ADP—while Defendant was still employed by ADP—constitutes immediate irreparable harm.  (*See id.* ¶¶ 8-16; Pl. Br. at 14-16.)  Therefore, the Court finds that Plaintiff has failed to establish that it faces an immediate risk of irreparable harm warranting the extraordinary relief of a preliminary injunction; and

**WHEREAS** the Court need not consider the remaining two factors as delineated in *Arrowpoint Cap. Corp.*, 793 F.3d at 318, because, in failing to establish a likelihood of success on the merits and irreparable harm in the absence of preliminary relief, Plaintiff has not met the threshold requirements.  *Riley*, 858 F.3d at 179.  For the foregoing reasons,

**IT IS** on this 17th day of June, 2026

**ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF 5) is **DENIED.**

**SO ORDERED.**

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Stacey D. Adams, U.S.M.J.
        Parties

5